IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARL PORTER                                                                                    PLAINTIFF

v.                                                                                      No. 4:06CV7-P-A

CO IV MARILYN HEMPHILL, ET AL.                                                    DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the January 12, 2006, *pro se* prisoner complaint of Carl Porter, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that on February 4, 2005, the prison staff used excessive force against him on one occasion causing him to slip on a wet floor, fall, and injure himself. He alleges further that on February 19, 2005, the prison staff permitted him to slip and fall again. The plaintiff finally alleges that on March 9, 2005, a prison doctor told the plaintiff to stand up from his wheelchair during a physical examination and, when the plaintiff refused to do so, the doctor and a prison guard lifted the rear of the wheelchair, causing the plaintiff to fall onto the floor. Throughout his complaint the plaintiff alleges that the defendants denied him proper medical treatment. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Exhaustion of Remedies**

As an initial matter, the plaintiff has not filed a grievance regarding the February 19, 2005, incident or the March 9, 2005, incident, as the grievance form submitted was dated February 15, 2005. The Prison Litigation Reform Act states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The administrative remedy program ("ARP") in place at all Mississippi Department of Corrections ("MDOC") facilities has been approved by this court in *Gates v. Collier*, GC 71-6-S-D (N.D. Miss. 1971) (order dated February 15, 1994). A district court may dismiss a lawsuit if the plaintiff fails to complete the ARP. *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998), *cert. denied,* 119 S. Ct. 1809, 143 L. Ed. 2d 1012 (1999) (quoting *Rocky v. Vittorie,* 813 F.2d 734, 736 (5th Cir. 1987)). The plaintiff has not exhausted his claims arising out of the events of February 19, 2005, and March 9, 2005; as such, the plaintiff's claims regarding these incidents shall be dismissed. In the discussions below, the court has considered only those events occurring prior to February 15, 2005, as none of the claims after that time have been exhausted.

**Negligence**

The plaintiff claims that defendant Marilyn Hemphill told him to hurry up and pushed him in the back while escorting him back to his cell at Unit 32-B at the Mississippi State Penitentiary. The plaintiff was in restraints, and the floor was wet. The plaintiff slipped on the wet floor, fell to the ground, and injured his neck on a drain hole cover. When the plaintiff refused to get up, Hemphill left him on the floor and went to escort other inmates onto the tier. Unit 32 Warden Earnest Lee found the plaintiff lying in the water a short time later and called for medical attention. An ambulance arrived about fifteen minutes later, and Dr. Juan Santos examined the plaintiff and ordered x-rays of the plaintiff's back and neck. The plaintiff then

returned to Unit 32, where he had pain in his lower back and legs.

The acts the plaintiff describes in his complaint state, at most, a claim of negligence. Negligent conduct by prison officials does not, however, rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). As such, the plaintiff's claims arising out of the pushing incident with defendant Hemphill must be dismissed.

### Denial of Medical Care

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts establishing that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v.*

*Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The plaintiff's claim of denial of medical care fails, as he has received medical treatment each time he has requested it. He was taken to the hospital just after he sustained his injuries on February 4, 2005. He was examined by a doctor, x-rayed, and released. While the plaintiff alleges that he suffered pain in his injured back from February 4, 2005, to February 19, 2005, he has not alleged that he submitted a sick call request seeking treatment for his condition during that time. For these reasons, the plaintiff's claim of denial of medical care must be dismissed.

In sum, this case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of April, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE