**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

CARL PORTER                                                                                                    PLAINTIFF

V.                                                                                         CAUSE NO.: 4:06CV7-SA-SAA

MARILYN HEMPHILL, ET AL.                                                                        DEFENDANTS

**MEMORANDUM OPINION**

Defendant Thomas Lehman filed a Motion for Summary Judgment [90]. Plaintiff has responded and based on the cited authorities and memoranda, the Court is ready to rule.

*Factual and Procedural Background*

Plaintiff has asserted a variety of claims against several defendants. The only pertinent allegations to this Motion for Summary Judgment are those against Dr. Thomas Lehman. Plaintiff asserts that on March 9, 2005, Plaintiff was taken by wheelchair to the medical clinic at Parchman. Plaintiff contends that after he told Dr. Lehman that his back and legs were in such pain that he could not walk, the doctor ordered him to stand. After Plaintiff repeated that he could not stand, Plaintiff asserts that Lehman and Nurse Kerrin Flowers grabbed him by the arms and attempted to pull him out of the wheelchair. He asserts that Nurse Flowers then grabbed the back of the wheelchair while Dr. Lehman pulled the Plaintiff to a standing position, which caused Plaintiff to fall on the floor hitting his face and chest. Plaintiff then contends that Dr. Lehman stated that Plaintiff was not allowed in the clinic in a wheelchair and would only be seen if he walked.

Plaintiff has filed a claim against Dr. Thomas Lehman for "unjustifiable assault," which this Court interprets as an excessive force claim.

*Summary Judgment Standard*

To be entitled to summary judgment, the pleadings and summary judgment evidence must

show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. Duckett v. City of Cedar Park, Tex., 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." Hamilton v. Seque Software, Inc., 232 F.3d 473, 477 (5th Cir. 2000) (quoting Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir.1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. U.S. v. Houston Pipeline Co., 37 F.3d 224, 227 (5th Cir.1994).

*Discussion and Analysis*

Under the United States Constitution, force is excessive and violates the Eighth Amendment if applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). Not every malevolent action by a prison official, however, gives rise to a federal cause of action. The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." Hudson, 503 U.S. at 9-10, 112 S. Ct. 995; Jackson v. Culbertson, 984 F.2d 699, 700 (5th Cir. 1993) (noting that a *de minimis* use of force is insufficient to state a cognizable Eighth Amendment claim). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. Jackson, 984 F.2d at 700.

Moreover, the Prison Litigation Reform Act provides in part, "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury resulting from the use of such force. Knight v. Caldwell, 970 F.2d 1430 (5th Cir.1992), cert. denied, 507 U.S. 926, 113 S. Ct. 1298, 122 L. Ed. 2d 688 (1993); see also Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

Taking Porter's allegations as true, it is clear the force Lehman applied was *de minimis*. Not only was there just the single incident of alleged force, Plaintiff does not allege that the use of force was done for any malicious or sadistic purpose, other than to get the Plaintiff to stand. Furthermore, Porter does not allege any physical injury was caused by the incident. A claim for damages is barred if no physical injury is alleged. Jones v. Greniger, 188 F.3d 322, 326 (5th Cir. 1999). Therefore, the court finds that the force used by Thomas Lehman was *de minimis* and insufficient to state a claim for violation of the Eighth Amendment.

As noted above, the only claim Plaintiff seems to have against Thomas Lehman is the excessive force claim; however, the Court will also analyze Plaintiff's claim for denial of medical care against Lehman in case the Court has misconstrued the general allegations of the Complaint.

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying

3

or delaying access to medical care . . . ." Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Mayweather v. Foti, 958 F.2d 91, 91 (5th Cir. 1992).

The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). A state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts establishing that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 838, 114 S. Ct. 1970. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. Id., 114 S. Ct. 1970. Negligent conduct by prison officials does not rise to the level of a constitutional violation. Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986), Davidson v. Cannon, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. Gibbs v. Grimmette, 254 F.3d 545 (5th Cir. 2001), Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

There is no genuine issue of material fact as to Plaintiff's Eighth Amendment claim of denial of medical care. Plaintiff was unhappy with the medical clinics unwillingness to allow him to see a specialist for his back issues. He has not alleged he was denied medical care, just that he was denied the medical care that he wanted. As the Plaintiff has attached a portion of his own medical records to his response to Defendant's motion, it is apparent that Plaintiff had daily access to the prison medical clinic. Accordingly, Defendant has shown there was no deliberate indifference to

4

Plaintiff's medical care in that he was seen on numerous occasions, obtained an X-ray and an MRI to diagnose his problems, and was on a continuing regimen of prescriptions for the condition.

*Conclusion*

Defendant Lehman has proven that there are not genuine issues of material fact regarding Plaintiff's claims against him.  Plaintiff has not presented proof of any injury sustained from the alleged incident of March 9, 2005.  Regardless, the facts alleged would not rise to the level of a constitutional violation for excessive force.  The Defendant is also entitled to summary judgment on Plaintiff's deliberate indifference of medical needs claim.  Plaintiff has failed to show that Lehman was deliberately reckless with the medical clinics unwillingness to allow Plaintiff to see a specialist.

Accordingly, Defendant Thomas Lehman's Motion for Summary Judgment is GRANTED, and Plaintiff's claims against that defendant are dismissed.

SO ORDERED, this the 11th  day of August, 2009.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**