**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

CARL PORTER                                                                                              PLAINTIFF

V.                                                                              CAUSE NO.: 4:06CV7-SA-SAA

MARILYN HEMPHILL, ET AL.                                                                       DEFENDANTS

**MEMORANDUM OPINION**

Defendant Marilyn Hemphill filed a Motion for Summary Judgment [105] on August 7, 2009. After reviewing the parties' submissions, pertinent authorities, and holding a final pretrial hearing at which Plaintiff was given the opportunity to verbalize his arguments, the Court is ready to rule.

*Factual and Procedural Background*

Only one defendant, Marilyn Hemphill, remains in this action. On February 4, 2005, Hemphill escorted Porter from the recreation yard back into Unit 32. Plaintiff was in full restraints, which includes waist and leg chains. As the Plaintiff and Hemphill were entering B-Zone in Unit 32, both noticed water standing on the floor. As Plaintiff was wearing shower shoes, Hemphill told him to walk through the water. Plaintiff contends that he had to walk slowly because of his full restraints, but Hemphill told him to hurry up. Plaintiff asserts that Hemphill pushed him in the back with her hand, his feet came out from under him, his back hit a drain hole cover in the floor, his head hit the concrete floor, and he could not move. When Hemphill told Plaintiff to get up, he would not, so she left him to go get other inmates from the recreation yard.

Plaintiff asserts that Hemphill's push in the back was excessive force, her failure to get him medical care and the act of leaving him on B-Zone floor on his back rises to the level of deliberate indifference.

*Summary Judgment Standard*

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. Duckett v. City of Cedar Park, Tex., 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." Hamilton v. Seque Software, Inc., 232 F.3d 473, 477 (5th Cir. 2000) (quoting Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir.1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. U.S. v. Houston Pipeline Co., 37 F.3d 224, 227 (5th Cir.1994).

*Discussion and Analysis*

Marilyn Hemphill initially alleged that Plaintiff failed to exhaust his administrative remedies by not completing the Administrative Remedy Program (ARP) at Parchman. However, at the final pretrial conference, the Defendant acknowledged that Porter would be no better off if he was allowed to fully exhaust his claims under the prisoner grievance program while this case was stayed. Accordingly, the Defendant has waived her defense of failure to exhaust the ARP process. This Court noted at the hearing, and reiterates here, that neither party has been prejudiced by the failure to technically follow the ARP process as Defendant's admission that exhaustion of the ARP process would not benefit this Plaintiff or Defendant.

Hemphill also claims that Plaintiff has failed to establish that she was deliberately indifferent

or that his claims rise above a negligence claim. Furthermore, Hemphill asserts that she is entitled to qualified immunity

The doctrine of qualified immunity serves to shield a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law. Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The first step in the qualified immunity analysis is to determine whether the plaintiff has alleged the violation of a clearly established federal constitutional (or federal statutory) right. Hare v. City of Corinth, 135 F.3d 320, 325 (5th Cir. 1998). If the plaintiff does so, the Court must then assess whether the defendant's conduct was objectively reasonable in light of clearly established law. Hare, 135 F.3d at 326; Pierce v. Smith, 117 F.3d 866, 872 (5th Cir. 1997). Unlike the first step, the step two inquiry applies the law that was clearly established at the time of the alleged violation. To ensure that qualified immunity serves its intended purpose, it is of paramount import, during step two, to define "clearly established law" at the proper level of generality. Anderson v. Creighton, 483 U.S. 635, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987); Petta v. Rivera, 143 F.3d 895, 899 (5th Cir. 1998); Pierce, 117 F.3d at 872.

"To establish a claim of excessive force under the Fourth Amendment, plaintiffs must demonstrate: '(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" Deville v. Marcantel, 567 F.3d 156, 167 (5th Cir. 2009) (quoting Tarver v. City of Edna, 410 F.3d 745, 751 (5th Cir. 2005)). Excessive force claims are necessarily fact-intensive; whether the force used is "excessive" or "unreasonable" depends on "the facts and circumstances of each particular case." Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); see also Brosseau v. Haugen, 543

3

U.S. 194, 201, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004) (observing that this "area is one in which the result depends very much on the facts of each case").

Under the United States Constitution, force is excessive and violates the Eighth Amendment if applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986).

Not every malevolent action by a prison official, however, gives rise to a federal cause of action. The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." Hudson, 503 U.S. at 9-10, 112 S. Ct. 995; Jackson v. Culbertson, 984 F.2d 699, 700 (5th Cir. 1993) (noting that a *de minimis* use of force is insufficient to state a cognizable Eighth Amendment claim). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. Jackson, 984 F.2d at 700.

Taking Porter's allegations as true, it is clear the force Hemphill applied was *de minimis* and not excessive. Not only was there just the single incident of alleged force, Plaintiff does not allege that the use of force was done for any malicious or sadistic purpose. In fact, Plaintiff admits that when he entered B-Zone, he began walking slowly through the water. Plaintiff acknowledges that Hemphill pushed him in an effort to get the Plaintiff to walk faster. Thus, Plaintiff has failed to show or allege that Hemphill intended to cause him harm or pain. Accordingly, Plaintiff has not stated a violation of a clearly established right, and Hemphill is entitled to qualified immunity for Plaintiff's excessive force claim.

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must

allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Mayweather v. Foti, 958 F.2d 91, 91 (5th Cir. 1992).

The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). A state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts establishing that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 838, 114 S. Ct. 1970. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. Id., 114 S. Ct. 1970. Negligent conduct by prison officials does not rise to the level of a constitutional violation. Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986), Davidson v. Cannon, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).

Plaintiff alleged at the pretrial conference that Hemphill's push caused him to fall on an open floor drain sticking five to six inches off the ground. He claims that after he fell, he started crying and asking for help. Hemphill left Plaintiff on the floor in the middle of B-Zone and retrieved more inmates from the yard. He asserts that Warden Lee passed through B-Zone after Hemphill left and immediately requested Corrections Officer Gwendolyn Young call an ambulance. Plaintiff was then loaded onto a stretcher and taken to the hospital where his back was x-rayed, and he received

5

prescription ibuprofen. Plaintiff was unsure of whether the fall caused a bleeding wound but acknowledged that he did not receive stitches or a bandage at the hospital for his back.

A prison guard is deliberately indifferent if he intentionally denies or delays access to medical care. Estelle, 429 U.S. at 104, 97 S. Ct. 285. Plaintiff was not denied medical treatment as he was taken to the hospital for his alleged injuries. The Court must determine whether Hemphill's failure to immediately get medical care for Plaintiff rises to the level of deliberate indifference. Deliberate indifference is a legal conclusion which must rest on facts evincing wanton actions on the part of the defendant. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Wantonly means having a reckless disregard for the rights of others. Id.

This Court cannot hold that Hemphill's conduct rose to the level of recklessness. Plaintiff has not asserted that his injury was exacerbated by Hemphill's tardiness in calling for medical help. Plaintiff has also not proven that he had a serious medical need as a result of the fall. He claims he did not require stitches or a bandage at the point of impact on his back. Furthermore, he was prescribed ibuprofen and sent back to Parchman the same day. Based on Plaintiff's allegations, this Court cannot find that Hemphill ignored a substantial risk of serious harm by not calling for medical help immediately after Plaintiff's fall. At most, Hemphill's conduct was negligent.

*Conclusion*

Defendant Hemphill is entitled to qualified immunity for Plaintiff's claims against her. Plaintiff has failed to allege any violation of a clearly established constitutional right. In particular, Plaintiff cannot show that Hemphill's use of force in pushing his back was excessive or that the delay in medical treatment was deliberately indifferent to a substantial risk of serious harm.

Accordingly, Defendant Marilyn Hemphill's Motion for Summary Judgment is GRANTED,

6

and Plaintiff's claims against that defendant are dismissed.

SO ORDERED, this the 26th day of August, 2009.

　　　　　　　　　　　　　　　　　　　　　/s/ Sharion Aycock
　　　　　　　　　　　　　　　　　　　　**U.S. DISTRICT JUDGE**